**MEMO ENDORSED**
**Pg 3**



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

October 11, 2017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/17
```

**By ECF**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Citizens Union, et al. v. The Governor of the State of New York in his official capacity, et al.*, SDNY No. 16 Civ. 9592 (RMB)

*American Civil Liberties Union Foundation, Inc., et al. v. Seth H. Agata, in his official capacity as Executive Director of the Joint Commission on Public Ethics, et al.*, SDNY No. 16 Civ. 9854 (RMB)

*Lawyers Alliance for New York, et al. v. Eric T. Schneiderman, in his official capacity as the Attorney General of the State of New York*, SDNY No. 17-cv-1655 (RMB) (KHP)

Dear Judge Berman:

I represent defendant Eric T. Schneiderman, sued in his official capacity as the Attorney General of the State of New York (the "AG"), the sole remaining defendant in the above-referenced consolidated actions. For the reasons set forth below, I write to request that these cases be held in abeyance pending the Second Circuit's decision in *Citizens United v. Schneiderman*, 2016 U.S. Dist. LEXIS 115495, *30 (S.D.N.Y. 2016) (Stein, J.), *appeal docketed*, No. 16-3310 (2d Cir.) ("*Citizens United*" -- not to be confused with Citizens Union, one of the plaintiffs here), a case we previously disclosed to the Court in our letter dated December 30, 2016 (Dkt No. 26) (the "December 30 Letter").

As Your Honor is aware, the period for limited discovery in this case recently came to an end as a result of Magistrate Judge Parker's September 1, 2017 Opinion and Order granting the motion of the Governor of New York to quash the subpoena served by the Citizen Union plaintiffs (Dkt No. 102). As a result, the next step in these actions is for the plaintiffs to file preliminary injunction applications or summary judgment motions. We believe that such motion

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
*Lawyers Alliance for NY v. Schneiderman*, SDNY No. 16 Civ. 1655
October 11, 2017
Page 2

practice should be held in abeyance until the Second Circuit issues its decision in *Citizens United* as it may impact the law governing plaintiffs' constitutional challenge to New York Executive Law §§ 172-e and 172-f (the "Disclosure Provisions"), the statutes at issue in these cases.

As discussed in our December 30 Letter, the *Citizens United* case is an action brought against the AG by tax exempt organizations challenging the constitutionality of a New York regulation requiring such organizations to file with the AG's Charities Bureau the Schedule B they attach to their Internal Revenue Service Form 990, which contains the names, addresses, and total contributions for all donors who contribute $5,000 or more in cash or property or more than 2% of the organization's revenue in any one year. The AG's Charities Bureau keeps the Schedule Bs it receives pursuant to this regulation confidential. In an opinion and order dated August 29, 2016, this Court granted the AG's motion to dismiss after plaintiffs filed an amended complaint, holding that "[t]he complaint states not a single plausible claim upon which relief can be granted." *Citizens United*, 2016 U.S. Dist. LEXIS 115495, *30 (S.D.N.Y. 2016) (Stein, J.). The plaintiffs appealed, and the Second Circuit heard oral argument on August 21, 2017.[1]

From the argument in the *Citizens United* appeal, it appears that the Second Circuit panel is seriously considering the possibility that the confidentiality of donor names and other Schedule B information might be important in evaluating the constitutionality of the disclosure regulation at issue there. It also appears from questioning by at least one of the panel judges that the court is well aware of the Disclosure Provisions at issue here. *See* Audio Recording at mark 17:29 and 39:17. Accordingly, there is good reason to believe that the decision in the pending *Citizens United* appeal may substantially affect the law governing the issues presented here. Therefore, it would be more efficient and prudent to await the decision in that appeal before embarking on dispositive motion practice in these cases.

I have conferred with opposing counsel and can report that plaintiffs in the *ACLU* and *Lawyers Alliance* cases do not oppose this request and plaintiffs in the *Citizens Union* case take no position.

---

[1] The audio recording of the *Citizens United* argument can be accessed on the Second Circuit's website at http://www.ca2.uscourts.gov/decisions/isysquery/6f922908-a271-4f7b-9717-b9350dc2b144/71-80/list/ at Docket # 16-3310 ("Audio Recording").

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
*Lawyers Alliance for NY v. Schneiderman*, SDNY No. 16 Civ. 1655
October 11, 2017
Page 3

      Accordingly, we respectfully request that Your Honor hold these cases in abeyance until the Court has the benefit of the Second Circuit's guidance in *Citizens United*, during which time plaintiffs' interests will be protected by the stay of enforcement that is currently in place.

      Respectfully submitted,

      /s/ Andrew Amer

      Andrew Amer
      Special Litigation Counsel
      (212) 416-6127

cc: All Counsel of Record (by ECF and email)

---

Application granted.

SO ORDERED:
Date: 10/18/17

*Richard M. Berman*
Richard M. Berman, U.S.D.J.